IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARIO COOPER, | CIVIL NO. 21-000144 JAO-KJM |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS |
| vs. | |
| LINDA CHU TAKAYAMA, | |
| Defendant. | |

**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT
ON THE PLEADINGS**

In this 42 U.S.C. § 1985 action, pro se Plaintiff Mario Cooper ("Plaintiff")

alleges that in Civil No. 18-00284 JAO-RT, *Cooper v. State of Hawaiʻi*

*Department of Taxation* ("*Cooper I*"), Defendant Linda Chu Takayama

("Defendant") conspired with deputy attorneys general to deter, intimidate, and

retaliate against him for filing suit.  Defendant seeks judgment on the pleadings

based on the intracorporate conspiracy doctrine and for failure to state a claim.

ECF No. 43.  The Court elects to decide Defendant's Motion for Judgment on the

Pleadings without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice

for the U.S. District Court for the District of Hawaii.

For the following reasons, the Court GRANTS the Motion.

## BACKGROUND

**A.    Factual History**

Plaintiff was employed by the State of Hawaiʻi Department of Taxation until

July 20, 2017.  ECF No. 1 ("Compl.") ¶ 4.  His termination was the subject of

*Cooper I. See id.* ¶¶ 10, 14.  Plaintiff alleges that Defendant, then Director of the

Department of Taxation,[1] conspired with others to intimidate, deter, and retaliate

against him for pursuing *Cooper I. Id.* ¶¶ 5, 16.  Specifically, Plaintiff claims that

Defendant — also a defendant in *Cooper I* — directed deputy attorneys general to:

(1) argue against backpay at a hearing, even though the Department of Taxation

owed him backpay, which ultimately resulted in the criminal conversion of his

money pursuant to Hawaiʻi Revised Statutes ("HRS") § 708-830; (2) deprive

Plaintiff of the opportunity to depose Defendant in a related state court case, with

threats of sanctions if he pursued the deposition; and (3) refuse to meet and confer

with Plaintiff to discuss settlement before the settlement conference, in violation of

a pretrial order in *Cooper I. Id.* ¶¶ 11–12, 17–20.

**B.    Procedural History**

Plaintiff commenced the instant action on March 17, 2021 asserting a

---

[1]  The Complaint identifies Defendant as the current Director of the Department of Taxation, Compl. ¶ 5, but she is currently Governor David Ige's Chief of Staff. Plaintiff identified her as the former Director of the Department of Taxation in his proposed amended pleadings.  ECF No. 30-2 ¶ 5; ECF No. 37-1 ¶ 5.

single claim for a violation of § 1985(2), clause one.  *Id.* ¶¶ 15–21.  On July 29, 2021, Plaintiff filed a Motion for Leave to Amend Complaint to Join Additional Parties ("First Motion to Amend"), requesting leave to add deputy attorneys general Jeffrey Keating ("Keating") and Nelson Nabeta ("Nabeta") as defendants.  ECF No. 14.  A few days later, he filed a Motion for Partial Summary Judgment ("MPSJ").  ECF No. 17.  The undersigned denied without prejudice the MPSJ because the pleadings had yet to be settled.  ECF No. 19.

Defendant invoked the intracorporate conspiracy doctrine in response to the First Motion to Amend.  ECF No. 23 at 5–11.  Plaintiff agreed that the doctrine barred his § 1985 claim but argued that he was nevertheless entitled to amend the Complaint to add Keating and Nabeta as defendants and to replace his § 1985 claim with a 29 U.S.C. § 215(a)(3) (Fair Labor Standards Act retaliation) claim.  ECF No. 24 at 2–5.  On September 16, 2021, Magistrate Judge Kenneth J. Mansfield denied the First Motion to Amend on two grounds:  (1) Plaintiff failed to comply with Local Rule 10.4, and (2) amendment would be futile because the intracorporate conspiracy doctrine barred the § 1985 claim.  ECF No. 28 at 3–4.  Magistrate Judge Mansfield disregarded Plaintiff's request to assert a claim under § 215(a)(3), which Plaintiff raised for the first time in his reply.  *Id.*

On September 20, 2021, Defendant filed a Motion for Judgment on the Pleadings ("MJOP").  ECF No. 29.  One week later, Plaintiff filed another Motion

for Leave to Amend Complaint to Add Claims and Parties ("Second Motion to Amend"). ECF No. 30. The Second Motion to Amend again sought to add Keating and Nabeta as defendants and to assert a § 215(a)(3) claim. ECF No. 30-1. Plaintiff also asked to add a claim under HRS § 388-10 for unpaid wages. *Id.*

This Court denied without prejudice the MJOP in light of the Second Motion to Amend. ECF No. 32. Defendant was given leave to refile the MJOP following the resolution of the Second Motion to Amend. *Id.*

On November 22, 2021, Magistrate Judge Mansfield denied the Second Motion to Amend. ECF No. 35. He concluded that the proposed amendments were futile because: (1) Plaintiff had agreed to relinquish his claims for back pay and lost benefits as part of the *Cooper I* settlement, and he failed to assert a prima facie case for retaliation supporting a claim for non-economic damages, *id.* at 4–7; (2) Plaintiff forfeited the right to file a wage claim pursuant to the *Cooper I* settlement, *id.* at 7–9; and (3) Keating and Nabeta have conditional privilege for acts taken in the performance of their public duties and the Complaint did not evidence the requisite malice to lose this privilege, *id.* at 9–11.

The next day, Defendant filed another MJOP ("Second MJOP"). ECF No. 36. Plaintiff responded with a Second Motion for Leave to Amend Complaint to Add Claims and Parties ("Third Motion to Amend"). ECF No. 37. He sought to assert a Racketeer Influenced and Corrupt Organizations Act ("RICO") claim and a

claim under Article I, Section 6 of the Hawaiʻi Constitution (Right to Privacy).  *Id.* at 3–4.  Plaintiff again requested leave to add Keating and Nabeta as defendants.  *Id.* at 5.

The undersigned denied the Second MJOP without prejudice pending the disposition of the Third Motion to Amend.  ECF No. 39.  On January 24, 2022, Magistrate Judge Mansfield denied the Third Motion to Amend.  ECF No. 42.  He found that Plaintiff failed to state a RICO claim, that Keating and Nabeta were protected by conditional privilege and did not act with malice so as to lose the privilege, and that adding a state constitutional claim would be futile given the absence of a federal law claim.  *Id.*

Defendant filed the present MJOP on January 25, 2022.  ECF No. 43.  Plaintiff filed an Opposition on February 1, 2022, ECF No. 44, and Defendant filed a Reply on March 16, 2022.  ECF No. 47.

## STANDARD OF REVIEW

A Federal Rule of Civil Procedure ("FRCP") 12(c) motion is functionally equivalent to an FRCP 12(b)(6) motion so the Court applies the same standard of review.  *See Gregg v. Haw., Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (citation omitted).  "A judgment on the pleadings is properly granted when, 'taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law.'"  *Id.* (citation omitted).

FRCP 12(b)(6) authorizes dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion to dismiss, "the court accepts the facts alleged in the complaint as true," and "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)) (alteration in original). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (citation omitted). Furthermore, the court need not accept as true allegations that contradict matters properly subject to judicial notice. *See Sprewell*, 266 F.3d at 988.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S.

6

at 556).  The tenet that the court must accept as true all of the allegations contained in the complaint does not apply to legal conclusions.  *See id.*  As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)) (some alterations in original).

"Ordinarily affirmative defenses may not be raised by motion to dismiss" unless "the defense raises no disputed issues of fact."  *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam) (citations omitted).  Affirmative defenses may also be considered on a motion to dismiss "when there is 'some obvious bar to securing relief on the face of the complaint,'" *i.e.*, "when the complaint establishes the defense."  *U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 973 (9th Cir. 2019) (emphasis and citations omitted).

If dismissal is ordered, the plaintiff should be granted leave to amend unless it is clear that the claims could not be saved by amendment.  *See Swartz v. KPMG LLP*, 476 F.3d 756, 760 (9th Cir. 2007) (citation omitted).

**DISCUSSION**

Defendant seeks dismissal of the Complaint with prejudice on the basis that Plaintiff fails to sufficiently allege a violation of § 1985(2) and that the intracorporate conspiracy doctrine precludes him from stating such a claim. ECF No. 43-3 at 7–14; ECF No. 47-3 at 6–13. Plaintiff challenges the applicability of the intracorporate conspiracy doctrine to civil rights cases and in the attorney-client context. ECF No. 44 at 3–4.

**A.    Judicial Admission and Estoppel**

As a preliminary matter, the Court addresses Defendant's contentions that (1) Plaintiff made a judicial admission that the intracorporate conspiracy doctrine bars his claim, and (2) Plaintiff should be judicially estopped from asserting otherwise now. ECF No. 47-3 at 1–6, 13.

Plaintiff previously sought leave to amend the Complaint. In support of his first request, Plaintiff agreed with Defendant that the intracorporate conspiracy doctrine bars his § 1985 claim but argued that he could instead state a claim under 29 U.S.C. § 215(a)(3). ECF No. 24 at 2. Notwithstanding his prior position, Plaintiff presently challenges the applicability of the intracorporate conspiracy doctrine to his § 1985 claim. ECF No. 44 at 3–4. Courts "have discretion to consider a statement made in briefs to be a judicial admission." *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 557 (9th Cir. 2003) (citations

8

omitted).  Because Plaintiff made the foregoing concession in his effort to amend the Complaint, the Court treats the concession as a judicial admission that binds him.

Defendant also asks that Plaintiff be judicially estopped from now arguing that the intracorporate conspiracy doctrine is inapplicable.  Judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Casa del Caffe Vergnano S.P.A. v. ItalFlavors, LLC*, 816 F.3d 1208, 1213 (9th Cir. 2016) (internal quotation marks omitted) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)); *see Helfand v. Gerson*, 105 F.3d 530, 534 (9th Cir. 1997) ("Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." (internal quotation marks and citation omitted)).  The purpose of judicial estoppel is to prevent litigants "from 'playing fast and loose with the courts.'"  *Helfand*, 105 F.3d at 534 (citation omitted).

Three factors inform the applicability of judicial estoppel:  (1) whether "a party's later position [is] 'clearly inconsistent' with its earlier position"; (2) whether a party successfully persuaded "a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later

proceeding would create 'the perception that either the first or the second court was misled'"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1045 (9th Cir. 2016) (some internal quotation marks and citations omitted); *see New Hampshire*, 532 U.S. at 750–51.  These factors are not "inflexible prerequisites," nor do they constitute an "exhaustive formula." *New Hampshire*, 532 U.S. at 751.  Additional considerations may be warranted in particular factual contexts. *See id.*  The Ninth Circuit has "restricted the application of judicial estoppel to cases where the court relied on, or 'accepted,' the party's previous inconsistent position." *Casa del Caffee*, 816 F.3d at 1213 (some internal quotation marks and citations omitted).

Defendant submits that:  (1) Plaintiff's prior concession is inconsistent with his current position; (2) Plaintiff persuaded Magistrate Judge Mansfield to accept his earlier position; and (3) she would suffer an unfair detriment because had she known that Plaintiff would change his position, she would have addressed additional grounds for dismissal and would have moved for summary judgment before the expiration of the dispositive motions deadline.  ECF No. 47-3 at 4–6.  Plaintiff attempts to retract his prior position in his Opposition.  ECF No. 44 at 6.

Judicial estoppel does not apply here. Although Plaintiff unquestionably asserts an inconsistent position regarding the intracorporate conspiracy doctrine than he did previously, and Magistrate Judge Mansfield accepted his prior position, this acceptance caused Magistrate Judge Mansfield to deny leave to amend on futility grounds. ECF No. 28 at 3. Thus, Plaintiff neither prevailed nor gained an advantage by previously asserting that the intracorporate conspiracy doctrine bars his § 1985 claim, and he does not benefit from advancing a contradictory position now. *See New Hampshire*, 532 U.S. at 750–51 ("Absent success in a prior proceeding, a party's later inconsistent position introduces no 'risk of inconsistent court determinations'" and therefore "poses little threat to judicial integrity" (citations omitted)). The Court acknowledges that Defendant's litigation strategy was influenced by Plaintiff's prior representation. However, because the Court ultimately dismisses the Complaint, Defendant will suffer no harm.

**B.     § 1985(2) Claim**

Section 1985(2) is comprised of two clauses. Plaintiff invokes the first clause, which addresses access to federal courts and proscribes:

> two or more persons in any State or Territory [from] conspir[ing] to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified[.]

42 U.S.C. § 1985(2).  The essential elements of a witness or party intimidation claim under § 1985(2) are:  "(1) a conspiracy between two or more persons, (2) to deter a witness by force, intimidation or threat from attending court or testifying freely in any pending matter, which (3) results in injury to the plaintiff."  *Miller v. Glen & Helen Aircraft, Inc.*, 777 F.2d 496, 498 (9th Cir. 1985) (internal quotation marks and citation omitted).  To prove a retaliation claim under § 1985(2)'s first clause, a plaintiff must establish:  "(1) a conspiracy by the defendants; (2) to injure a party or witness in his or her person or property; (3) because he or she attended federal court or testified in any matter pending in federal court; (4) resulting in injury or damages to the plaintiff."  *Portman v. County of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993) (citations omitted).

A § 1985 claim "must allege facts to support the allegation that defendants conspired together."  *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988); *see also Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 929 (9th Cir. 2004) ("To state a claim for conspiracy to violate constitutional rights, 'the plaintiff must state specific facts to support the existence of the claimed conspiracy.'" (citation omitted)); *cf. Ziglar v. Abbasi*, 582 U.S. __, 137 S. Ct. 1843, 1868 (2017) ("To state a claim under § 1985(3), a plaintiff must first show that the defendants conspired — that is, reached an agreement — with one another." (citation omitted)).  "A mere allegation of conspiracy without factual specificity is

12

insufficient." *Karim-Panahi*, 839 F.2d at 626 (citations omitted).  Courts have found sufficiently particular those allegations identifying "the period of the conspiracy, the object of the conspiracy, and certain other actions of the alleged conspirators taken to achieve that purpose," and those identifying "which defendants conspired, how they conspired and how the conspiracy led to a deprivation of . . . constitutional rights." *Steshenko v. Gayrard*, 70 F. Supp. 3d 979, 998–99 (N.D. Cal. 2014) (alteration in original) (internal quotation marks and citations omitted).  A plaintiff must also "show that the conspiracy hampered [his] ability to present an effective case in federal court." *Rutledge v. Ariz. Bd. of Regents*, 859 F.2d 732, 735 (9th Cir. 1988) (citations omitted).

### 1.  Plaintiff Fails To State A Claim

In this case, Plaintiff alleges that in response to his initiation of and participation in *Cooper I*, Defendant conspired with deputy attorneys general "to intimidate, deter, and retaliate against" him by:  (1) arguing against backpay at a hearing in *Cooper I* and criminally converting his money pursuant to HRS § 708-830; (2) denying a deposition of Defendant in a related state court case with threats to seek sanctions if Plaintiff attempted to compel the deposition; and (3) violating the Rule 16 Scheduling Order in *Cooper I* by refusing to meet and confer with him before a settlement conference.  Compl. ¶¶ 16–20.  None of these allegations sufficiently state a § 1985(2) claim.  Although the Court accepts allegations of

material fact as true and construes them in the light most favorable to Plaintiff, it need not accept allegations that contradict matters that are the subject of judicial notice or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell*, 266 F.3d at 988 (citation omitted).

Plaintiff *concludes* that Defendant conspired with deputy attorneys general but provides no facts indicating that a conspiracy existed. He merely avers that Defendant directed others to take the foregoing actions. Plaintiff also conclusorily alleges that the foregoing actions constitute efforts to intimidate, deter, and retaliate. However, none of these actions prevented him from prosecuting *Cooper I*, and he did so vigorously through appeal. Plaintiff has not plausibly alleged that Defendant deterred him by intimidation or threat from attending court or freely testifying, or injured him for attending court or testifying in *Cooper I*.

First, the presentation of arguments at a hearing by the deputy attorneys general does not rise to the level of conduct proscribed by § 1985(2). Arguing a position at a hearing is normal conduct within the course of litigation. *See*, *e.g.*, *Reiner v. Nakhleh*, Case No. CV 21-00528 PA (MAAx), 2021 WL 3502486, at *4 (C.D. Cal. May 26, 2021) (finding that attaching an email communication between the plaintiff and additional defendants as evidence in support of a motion "does not constitute the sort of direct threat against a witness that falls within the scope of Section 1985(2)"); *Kinnard v. Brisson*, No. C-03-3127 MMC, 2004 WL 1465693,

14

at *4 (N.D. Cal. June 21, 2004) ("The Court is unaware of any case in which conspirators have been held liable under § 1985(2) based on their own conduct of the litigation, as opposed to threats or similar acts intended to preclude others from testifying or participating in a lawsuit." (citations omitted)); *Dooley v. Reiss*, 736 F.2d 1392, 1396 (9th Cir. 1984) ("Plaintiffs' allegations that defendants conspired to commit perjury and to conceal evidence fail to state a claim for relief under section 1985(2)" because "[t]he alleged actions did not influence or seek to influence a [party] by force, intimidation, or threat." (footnote omitted)).  And Plaintiff's conclusion that Defendant criminally converted his money is belied by the settlement he obtained in *Cooper I*.

Second, it is irrelevant that a deputy attorney general purportedly threatened to pursue sanctions if Plaintiff attempted to compel Defendant's deposition in a related state court action.  Whatever might have occurred in the state court action did not affect Plaintiff's prosecution of or participation in *Cooper I*.  Plaintiff claims that he wanted to depose Defendant in the state court case as a potential witness in *Cooper I* and that the threat of sanctions and refusal to permit Defendant's deposition was criminal.  Compl. ¶18.  If Plaintiff wanted to depose Defendant and/or name her as a witness, he could have conducted the necessary discovery in *Cooper I* because she was a defendant there.

15

Finally, the alleged refusal to meet and confer in advance of a settlement conference, in violation of the Rule 16 Scheduling Order, is not prohibited conduct under § 1985(2).  Even accepting Plaintiff's allegation as true, he was not impacted by the lack of a meet and confer.  The case settled at the June 25, 2019 settlement conference.  *Cooper I*, ECF No. 107.  Plaintiff knowingly and voluntarily entered into a settlement agreement with the *Cooper I* defendants and was not hindered in his ability to do so based on the supposed refusal by the deputy attorneys general to confer with him prior to the conference.  *See Cooper v. Dep't of Tax'n*, CIVIL NO. 18-00284 JAO-RT, 2019 WL 6114532 (D. Haw. Nov. 18, 2019), *aff'd*, 828 F. App'x 453 (9th Cir. 2020).

For these reasons, Plaintiff fails to state a § 1985(2) claim.  While amendment should ordinarily be authorized for deficiently pled § 1985 claims, *see Olsen*, 363 F.3d at 930 (citation omitted), it would be futile in this case.  Plaintiff's claim is predicated exclusively on the above three acts, none of which amount to the conduct prohibited by § 1985(2).  Perhaps more importantly, Plaintiff already sought leave to amend three times, conceding that he could not state a § 1985(2) claim and/or seeking to abandon said claim.  ECF No. 24 at 2, 4; ECF No. 30-2 at 4–5; ECF No. 37-1 at 4–5.  Therefore, amendment would not cure the existing defects.  *See*, *e.g.*, *Olsen*, 363 F.3d at 930 (affirming denial of leave to amend where the plaintiff could not "cure the defects of her complaint to state a

16

cognizable claim under § 1985"); *Kinnard*, 2004 WL 1465693, at *5 ("Leave to amend would be futile because the acts in which [the plaintiff] contends defendants engaged cannot constitute a violation of § 1985(2).").

### 2.    Intracorporate Conspiracy Doctrine

Defendant also argues that the intracorporate conspiracy doctrine bars Plaintiff's § 1985 claim.  ECF No. 43-3 at 7–14; ECF No. 47-3 at 6–7.  "Under . . . the intracorporate-conspiracy doctrine[,] an agreement between or among agents of the same legal entity, when the agents act in their official capacities, is not an unlawful conspiracy."  *Ziglar v. Abbasi*, 582 U.S. ___, 137 S. Ct. at 1867 (citing *Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752, 769–71 (1984)).  This is because a "[c]onspiracy requires . . . an agreement to do an unlawful act . . . between or among two or more separate persons."  *Id.*  But "[w]hen two agents of the same legal entity make an agreement in the course of their official duties," "their acts are attributed to their principal" and there is no "agreement between two or more separate people."  *Id.* (citation omitted)

 "Most, but not all, circuit courts have applied the doctrine to bar claims against public entities.  The Ninth Circuit has noted the split but declined to address the issue."  *Wagner v. County of Plumas*, No. 2:18-cv-03105-KJM-DB, 2020 WL 820241, at *6 (E.D. Cal. Feb. 19, 2020) (citing *Portman*, 995 F.2d at 910) (other citation omitted).  And the Ninth Circuit has yet to decide whether the

17

intracorporate-conspiracy doctrine applies to § 1985(2) claims.  *See Portman*, 995 F.2d at 910.

Insofar as the Court has dismissed the § 1985(2) claim, it is unnecessary to decide whether the intracorporate conspiracy doctrine bars the claim.

## CONCLUSION

For the reasons stated herein, the Court GRANTS Defendant's Motion for Judgment on the Pleadings.  ECF No. 43.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, May 4, 2022.



Jill A. Otake
United States District Judge

Civil No. 21-00144 JAO-KJM, *Cooper v. Takayama*; ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS