IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARIO COOPER,<br><br>Plaintiff,<br><br>vs.<br><br>LINDA CHU TAKAYAMA,<br><br>Defendant. | CIVIL NO. 21-000144 JAO-KJM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF [DN 62] ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF [DN 62] ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

On May 4, 2022, the Court issued an Order Granting Defendant's Motion for Judgment on the Pleadings ("Order"). ECF No. 62; *Cooper v. Takayama*, CIVIL NO. 21-000144 JAO-KJM, 2022 WL 1409573 (D. Haw. May 4, 2022). The Court concluded that pro se Plaintiff Mario Cooper ("Plaintiff") failed to state a 42 U.S.C. § 1985(2) claim and denied leave to amend because amendment would be futile, specifically, the acts serving as the basis for Plaintiff's claim were not prohibited by § 1985(2), he already sought leave to amend three times, and he had conceded that he could not state a § 1985(2) claim and/or sought to abandon the claim. *See Cooper*, 2022 WL 1409573, at *5–6.

On  May 17, 2022, Plaintiff filed a Motion for Reconsideration of [DN 62] Order Granting Defendant's Motion for Judgment on the Pleadings ("Motion"). ECF No. 64.  The Court decides this Motion without a hearing pursuant to Rule 7.1(d) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii.  For the reasons set forth below, the Court DENIES the Motion.

## DISCUSSION

Plaintiff moves for reconsideration pursuant to Federal Rule of Civil Procedure ("FRCP") 59(e) on the grounds that the Court committed manifest error of law and that he suffered manifest injustice because the Court ruled on the merits of the case before addressing subject matter jurisdiction.  *Id.* at 3.

A motion for reconsideration under FRCP 59(e) should not be granted, "absent highly unusual circumstances, unless the district court":  (1) "is presented with newly discovered evidence"; (2) has "committed clear error"; or (3) "if there is an intervening change in the controlling law."  *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted).  FRCP 59(e) "offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted).  FRCP 59(e) motions for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Kona Enters., Inc. v. Estate*

2

*of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted).  Indeed "[a] district court has discretion to decline to consider an issue raised for the first time in a motion for reconsideration."  *Novato Fire Prot. Dist. v. United States*, 181 F.3d 1135, 1142 n.6 (9th Cir. 1999).

Here, reconsideration is unwarranted because the Court did not err.  Plaintiff argues that the Court erroneously reached the merits of the motion for judgment on the pleadings without addressing constitutional standing.  ECF No. 64 at 4.  Plaintiff essentially contends that the case should have been dismissed for lack of Article III standing because he failed to plead a sufficient injury in fact traceable to Defendant's conduct, and that he should be given leave to cure the standing defects following the Court's determination.  *Id.* at 4–5.  But even if the case had been dismissed for lack of standing, and had Plaintiff successfully amended, the case would nevertheless be dismissed for the reasons articulated in the Order.

Although federal courts are "*required* sua sponte to examine jurisdictional issues such as standing," *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) (internal quotation marks and citations omitted), they are not obligated to provide a written analysis.  The absence of a discussion in the Order does not mean the Court failed to ensure it had subject matter jurisdiction, including that Plaintiff had standing.

To establish "standing" to sue in federal court, a plaintiff must have "'(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Gill v. Whitford*, __ U.S. __, 138 S. Ct. 1916, 1929 (2018) (quoting *Spokeo, Inc. v. Robins*, __ U.S. __, 136 S. Ct. 1540, 1547 (2016)).  At the pleading stage of a case, "the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo*, __ U.S. __, 136 S. Ct. at 1547 (alteration in original) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)) (footnote omitted).  But "general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [courts] 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (second alteration in original) (citation omitted); *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 838 (9th Cir. 2007).

Even if the Court did not say so in the Order, it determined that Plaintiff alleged sufficient facts to establish a basis for standing.  Conflating injury in fact with his damages, Plaintiff argues that his emotional distress injury was a bare legal conclusion that failed to identify the harm suffered or how the harm was traceable to Defendant's actions.  ECF No. 64 at 4.

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, __ U.S. __, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560).  Plaintiff alleged that in response to the filing of his prior lawsuit, Defendant conspired with other deputy attorneys general to intimidate, deter, and retaliate against him — through specified actions during the course of a state court lawsuit and his prior lawsuit — in violation of § 1985(2).  ECF No. 1 ¶¶ 15–20.  He therefore alleged an injury in fact.

Moreover, the injury was traceable to Defendant, as Plaintiff alleged that Defendant directed and conspired with two deputy attorneys general to engage in wrongful conduct.  *Id.* ¶¶ 16–20.  The causation inquiry focuses on "whether the alleged injury can be traced to the defendant's challenged conduct, rather than to that of some other actor not before the court."  *See Ecological Rights Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1152 (9th Cir. 2000) (citations omitted).  In other words, "the causal connection put forward for standing purposes cannot be too speculative, or rely on conjecture about the behavior of other parties, but need not be so airtight at [the dismissal] stage of the litigation as to demonstrate that the plaintiffs would succeed on the merits."  *Id.* (citation omitted); *see Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 974 n.7 (9th Cir. 2008) (identifying a "less

rigorous" causation threshold at the dismissal stage of the proceedings (citations omitted)).

Finally, Plaintiff established redressability.  He had to demonstrate that "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 181, (2000); *see Mayfield v. United States*, 599 F.3d 964, 971 (9th Cir. 2010).  This burden is "relatively modest."  *M.S. v. Brown*, 902 F.3d 1076, 1083 (9th Cir. 2018) (internal quotation marks and citation omitted).

Based on the foregoing, Plaintiff had standing so the Court had subject matter jurisdiction to issue the Order.  The Court properly granted judgment on the pleadings given Plaintiff's failure to state a § 1985(2) claim.  There is accordingly no basis for reconsideration and the Motion is DENIED.

## CONCLUSION

For the reasons stated herein, the Court DENIES Plaintiff's Motion for Reconsideration of [DN 62] Order Granting Defendant's Motion for Judgment on the Pleadings.  ECF No. 64.

IT IS SO ORDERED.

DATED:     Honolulu, Hawaiʻi, May 23, 2022.



          Jill A. Otake
          United States District Judge

Civil No. 21-00144 JAO-KJM, *Cooper v. Takayama*; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF [DN 62] ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS